HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FARGO ELECTRICAL INC., a Washington profit corporation, UBI No. 604 568 927, Contractor License No. FARGOEI804DZ,<br><br>Defendant. | Case No. 2:22-cv-653-RAJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION** |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs' motion to authorize issuance of subpoena pursuant to RCW 50.13.070. Dkt. # 10. The Court **GRANTS** in part and **DENIES** in part the motion for the reasons stated herein.

## II.  BACKGROUND

This action is for employee fringe benefit contributions due on behalf of employees working for Fargo Electrical Inc. ("Fargo"). Plaintiffs, Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security

ORDER – 1

Fund; Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund; and Western Washington Operating Engineers-Employers Training Trust Fund (hereinafter referred to as the "Plaintiff Trusts"), operate as Trust Funds to provide retirement, health, and training benefits to eligible members, retirees, and their beneficiaries. Dkt. # 1, ¶ 1.1. The master labor agreement between the unions and Fargo require employers to make benefit contributions on behalf of its employees for all covered hours worked to the Plaintiff Trusts and binds Fargo to the terms of the respective Trust Agreements for the Plaintiff Trusts. *Id.*, ¶ 3.2.

The Trust Agreements require Fargo to submit reports of hours worked and payment of contributions at the rates required under the Labor Agreement to the Plaintiff Trusts on or before the 15th day of the month following the month in which hours were worked. *Id.*, ¶ 3.3. Failure to make timely remittance results in an assessment of delinquency charges in the form of liquidated damages and interest as stipulated in the respective Trust Agreements. *Id.* The Trust Agreements also stipulate that Plaintiff Trusts are entitled to assess and recover all costs of collection including administrative costs, attorneys' fees and costs, and service fees, from a delinquent employer. *Id.* Plaintiff Trusts allege that Fargo has failed to submit the required remittance reports and payment of fringe benefit contributions. *Id.*, ¶ 3.7.

### III.   DISCUSSION

The Washington statute, RCW 50.13.070, requires specific findings to be included in a subpoena directed to the Employment Security Department for production of confidential unemployment compensation records. The statute provides as follows:

> Information or records deemed private and confidential under this chapter shall be available to parties to judicial or formal administrative proceedings only upon a finding by the presiding officer that the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records. Information or records deemed private and confidential under this chapter shall not be available in discovery proceedings unless the court in which the action has

ORDER – 2

been filed has made the finding specified above. A judicial or administrative subpoena directed to the employment security department must contain this finding. A subpoena for records or information held by the department may be directed to and served upon any employee of the department, but the department may specify by rule which employee shall produce the records or information in compliance with the subpoena.

RCW 50.13.070.

The Plaintiff Trusts rely on self-reporting by employers to determine the amount of fringe benefit contributions due on behalf of employees pursuant to the Trust Agreements and the relevant Collective Bargaining Agreements. *See generally* Dkt. # 1. Plaintiff Trusts indicate they have made repeated requests to Fargo to provide records and that Fargo has failed to do so. Dkt. # 11 at 2. They claim that the only other way to determine the amount of contributions due the Trust Funds is by examining the employer's payroll records, including state taxing information such as the quarterly reports submitted to the State of Washington Employment Security Department. *Id.* at 3.

In this case, Plaintiff Trusts have shown that the need for the records in this proceeding outweighs any need for privacy and confidentiality of the records in question. The records are necessary for further prosecution of this action. Without the personnel records, Plaintiff Trusts cannot determine the contributions owed. However, the requests seeks records for *all* employees of Fargo, not just covered under the master labor agreement. Plaintiff Trusts have not shown why their requests cannot be tailored to only covered employees. Accordingly, the Court limits the subpoena to employees covered under the master labor agreement. As for confidentiality concerns, Plaintiff Trusts maintain that the information will not be disclosed outside of the present litigation and will be maintained confidentially. *Id.* at 3. Nonetheless, in granting in part the request for discovery, the Court will order the Plaintiff Trusts to submit a protective order governing the use of any employment payroll records obtained for purposes of prosecuting this action.

### IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

ORDER – 3

1. Plaintiffs' Motion for Order Finding Discovery of ESD Documents Appropriate, **ECF No. 10**, is **GRANTED in part and DENIED in part**.

2. The Court finds that the need for the information and records in the current proceedings outweighs any further privacy and confidentiality concerns. *See* Wash. Rev. Code § 50.13.070. ESD shall produce: all personnel records of Fargo Electrical Inc. in the possession of the Washington State Employment Security Department for employees covered under the Master Labor Agreement for March 2021 through present.

3. Plaintiffs' Trusts are ordered to submit a protective order governing the use of any employment payroll records obtained for purposes of prosecuting this action.

DATED this 5th day of April, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4