HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>FARGO ELECTRICAL INC., a Washington profit corporation, UBI No. 604 568 927, Contractor License No. FARGOEI804DZ,<br><br>Defendant. | Case No. 2:22-cv-653-RAJ<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

## I.   INTRODUCTION

This matter comes before the court on Plaintiffs' Motion for Default Judgment. Dkt. # 17. The Court **GRANTS** the motion and directs the clerk to enter default judgment.

## II.   BACKGROUND

This action is for employee fringe benefit contributions due on behalf of employees working for Fargo Electrical Inc. ("Fargo"). Plaintiffs, Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund; Locals 302 and 612 of the International Union of Operating Engineers-Employers

ORDER – 1

Construction Industry Retirement Fund; and Western Washington Operating Engineers-Employers Training Trust Fund (hereinafter referred to as the "Plaintiff Trusts"), operate as Trust Funds to provide retirement, health, and training benefits to eligible members, retirees, and their beneficiaries. Dkt. # 1, ¶ 1.1. The master labor agreement between the unions and Fargo require employers to make benefit contributions on behalf of its employees for all covered hours worked to the Plaintiff Trusts and binds Fargo to the terms of the respective Trust Agreements for the Plaintiff Trusts. Dkt. # 19-1.

The Trust Agreements require Fargo to submit reports of hours worked and payment of contributions at the rates required under the Labor Agreement to the Plaintiff Trusts on or before the 15th day of the month following the month in which hours were worked. Dkt. # 1, ¶ 3.3. Failure to make timely remittance results in an assessment of delinquency charges in the form of liquidated damages and interest as stipulated in the respective Trust Agreements. *Id.* The Trust Agreements also stipulate that Plaintiff Trusts are entitled to assess and recover all costs of collection including administrative costs, attorneys' fees and costs, and service fees, from a delinquent employer. *Id.* Plaintiff Trusts allege that Fargo has failed to submit the required remittance reports and payment of fringe benefit contributions. *Id.*, ¶ 3.7.

### III.   DISCUSSION

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The plaintiff must submit evidence supporting a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical

ORDER – 2

calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

The evidence establishes that Defendant is liable for failure to pay contributions and dues owed to Plaintiffs for the period January 2021 through March 2021. Dkt. # 19-1; Dkt. # 20-1. Specifically, Defendant failed to pay contributions in the amount of $120,058.19 and failed to pay interest in the amount of $35,157.40. *Id*. The trust contribution terms, to which Defendant consented, also entitles Plaintiffs to liquidated damages of 12% of the liability, or $14,409.13 in this case, and auditor fees in the amount of 3,171.50.

In addition, Plaintiffs request attorney fees and costs. Although the hourly fees of non-attorneys are included in the request, Plaintiffs have established that its counsel does not incorporate non-attorney work into his hourly rate and has established that counsel actually bills Plaintiffs for the work of non-attorneys. Dkt. # 18, ¶ 16. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the court awards the hourly fees of both Plaintiffs' counsel and counsel's hourly-billing support staff. The Court finds that Plaintiffs' evidence supports an attorney's fee award of $6,355.955 and costs of $489.87.

### IV.   CONCLUSION

The Court **GRANTS** the motion and directs the clerk to enter default judgment. Dkt. # 17.

DATED this 16th day of November, 2023.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3